IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

             v.                                        21-CR-113

LSA STRATEGIES LLC,

                   Defendant.

## PLEA AGREEMENT

The defendant, LSA STRATEGIES LLC, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 1343 (Wire Fraud), for which the maximum possible sentence is a fine of either $500,000, or, alternatively, a fine of "not more than the greater of twice the gross gain or twice the gross loss" caused by the offense, pursuant to 18 U.S.C. § 3571(d), a mandatory $400 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(B), and a term of probation of not less than one nor more than five years pursuant to 18 U.S.C. § 3561(c)(1). The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands, and the parties agree, that the Court must require restitution in the amount of $8,283.59 to be paid to be paid to the victim listed in the final judgment as part of the sentence pursuant to Sentencing Guidelines §§ 8B1.1(a)(1) and 5E1.1, and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.      The defendant represents that it is a limited liability company organized under the laws of New York State. The defendant further represents that it has been authorized to enter into this plea agreement by its sole member, Steven M. Casey ("CASEY"), who has full authority to act on behalf of the defendant in entering into this plea agreement.

## II.  ELEMENTS AND FACTUAL BASIS

4.      The defendant understands the nature of the offense set forth in paragraph 1 of this plea agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

(a)     that defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

(b)     that defendant acted with the intent to defraud; and

(c)     that in advancing, furthering, or carrying out the scheme, defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

2

## FACTUAL BASIS

5.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a.    At all relevant times, the defendant, LSA STRATEGIES LLC ("LSA"), was a media production and political consulting firm located in Buffalo, New York, within the Western District of New York. Steven M. Casey ("CASEY") was the sole member of LSA. CASEY organized LSA under the laws of New York State on or about June 6, 2012.

    b.    CANDIDATE 1 was a candidate in the 2012 election for the New York State Senate 60th District, which is within the Western District of New York.

    c.    From on or about August 20, 2012, to on or about September 19, 2012, in the Western District of New York and elsewhere, the defendant, acting with intent to defraud, devised a scheme to defraud CANDIDATE 1, and to obtain money from CANDIDATE 1 by means of false and fraudulent pretenses, representations, and promises.

    d.    COMPANY 1 was a printing company located within the Western District of New York.

    e.    Beginning in 2012, CASEY provided consulting services to CANDIDATE 1 in connection with CANDIDATE 1's campaign for the New York State Senate.

    f.    Among other things, CASEY arranged for campaign mailings for CANDIDATE 1 to be printed by COMPANY 1.

    g.    CASEY requested that COMPANY 1 increase each of its invoices to CANDIDATE 1 by a specified amount in order to provide a sum of money to CASEY and LSA. CASEY did not inform CANDIDATE 1 of this increase in the amount of the invoices. Instead, CASEY led CANDIDATE 1 to believe that he was working for CANDIDATE 1 on a voluntary basis. CANDIDATE 1 was unaware that COMPANY 1's invoices were being increased to provide sums of money to CASEY and LSA.

    h.    After COMPANY 1's invoices were paid by CANDIDATE 1, COMPANY 1 paid LSA the amount by which the invoices had been increased.

i. Specifically, COMPANY 1 paid LSA by check the following amounts, which were the amounts by which COMPANY 1, at CASEY's request, had increased its invoices to CANDIDATE 1:

| 8/21/12 | $1,083.00 |
|---------|-----------|
| 8/23/12 | $1,083.00 |
| 8/27/12 | $749.00 |
| 8/30/12 | $1,083.00 |
| 9/4/12 | $1,083.00 |
| 9/6/12 | $614.81 |
| 9/6/12 | $2,097.78 |
| 9/12/12 | $490.00 |
| **TOTAL** | **$8,283.59** |

j. On or about August 25, 2012, for the purpose of carrying out the scheme to defraud, the defendant, by means of wire communication, namely, an email, that was transmitted in interstate commerce, directed COMPANY 1 to increase an invoice to CANDIDATE 1 to include a sum of money for CASEY and LSA.

### III.   SENTENCING GUIDELINES

6.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

7.      The government and the defendant agree that the sentence will be calculated in accordance with Chapter 8 of the Sentencing Guidelines Manual, and Part 8C2 thereof, which pertains to the Sentencing of Organizations other than those that operate primarily for a criminal purpose.

### BASE OFFENSE LEVEL

8.     The government and the defendant agree that Guidelines §§ 8C2.3(a) and 2B1.1(a)(1) apply to the offense of conviction and provides for a base offense level of 7.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

9.     The government and the defendant agree that the following specific offense characteristic applies:

   a. § 2B1.1(b)(1)(B):  the total loss (including relevant conduct) was in excess of $6,500 (namely, $8,283.59) and thus there is a 2-level increase.

### ADJUSTED OFFENSE LEVEL

10.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 9.

### BASE FINE

11.     The government and defendant agree that with an adjusted offense level of 9, the base fine is $15,000 pursuant to Guidelines § 8C2.4(a)(1), (d), and (e).

### CULPABILITY SCORE

12.     The government and defendant agree that the culpability score is 5 pursuant to Guidelines § 8C2.5.

## MINUMUM AND MAXIMUM MULTIPLIER

13.     The government and defendant agree that with a culpability score of 5, the minimum multiplier is 1.00 and the maximum multiplier is 2.00 pursuant to Guidelines § 8C2.6.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14.     It is the understanding of the government and the defendant that with a base fine of $15,000, a culpability score of 5, a minimum multiplier of 1.00, and a maximum multiplier of 2.00, the Guidelines fine range is $15,000 to $30,000 pursuant to Guidelines § 8C2.7.

15.     It is the understanding of the government and the defendant that, pursuant to the Guidelines calculations set forth above, the defendant's sentencing rage would be a fine of $15,000 to $30,000 and a period of probation of 1 to 5 years.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

16.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and

6

recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

17.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and that the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

18.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.  STATUTE OF LIMITATIONS

19.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

20.     The defendant agrees to waive any defense based on the statute of limitations to the charge in the Information.

## V. GOVERNMENT RIGHTS AND OBLIGATIONS

21.     The defendant understands that the government has reserved the right to:

a.     provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, and the circumstances surrounding the charge;

b.     respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.     advocate for a specific sentence consistent with the terms of this agreement; and

d.     modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

22.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

23.     The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

8

24.     The government agrees not to charge the defendant LSA STRATEGIES LLC or it authorized representative and principal, Steven M. Casey, with committing any other federal criminal offenses known at the time of the execution of this plea agreement related to the operation of LSA STRATEGIES LLC, and in exchange for Steven M. Casey entering into a cooperation agreement with the government, the government has agreed to permit LSA STRATEGIES LLC to plead guilty to Wire Fraud as set forth in the Information.

## VII.   APPEAL RIGHTS

25.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for a fine and probation set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of its sentence.

26.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for a fine and probation set forth in Section III, ¶ 15 above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.


## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

28.     This plea agreement represents the total agreement between the defendant, LSA STRATEGIES LLC, and the government. There are no promises made by anyone other than those contained in this plea agreement. This plea agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:_ _____
PAUL E. BONANNO
Assistant United States Attorney

Dated:  July 29, 2021

The defendant, LSA STRATEGIES LLC, by its authorized representative Steven M. Casey, hereby agrees to all the terms of this plea agreement. Furthermore, the defendant acknowledges that all the terms of this plea agreement, which consists of pages 1 through 11, have been explained to its sole Member/Owner, Steven M. Casey. The defendant has had a full opportunity to discuss this plea agreement with its attorney, Rodney O. Personius, Esq. The defendant states that it represents the total agreement reached between itself and the government. No promises or representations have been made to the defendant or any representative of the defendant other than what is contained in this plea agreement. The defendant fully agrees with the contents of this plea agreement. The defendant is signing this plea agreement voluntarily.

_____
STEVEN M. CASEY
LSA STRATEGIES LLC
Defendant

Dated: July 29, 2021

_____
RODNEY O. PERSONIUS, ESQ.
Attorney for the Defendant

Dated: July 29, 2021